IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSEPH WYRICK,**                  **CASE NO. 2:09-CV-00207**
                                                      **JUDGE HOLSCHUH**
           **Petitioner,**                **MAGISTRATE JUDGE ABEL**

**v.**

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

           **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the instant petition, respondent's motion to dismiss, petitioner's "Motion in Favor of Habeas Corpus Petition," and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss this action as barred by the one-year statute of limitations under 28 U.S.C. §2244(d), Doc. No. 9, be **GRANTED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> This case was tried on two occasions; the first trial resulting in a mistrial when the jury came back unable to reach a unanimous verdict. On retrial, a second jury found the Appellant guilty of this offense.
>
> On April 5, 2004, Cynthia Peltier was home alone, working in her home office, located in the basement of her home. She heard a crashing noise from upstairs, and went to investigate, assuming her cat had caused the trouble. Upon looking around

upstairs, she saw what she described as a person's legs appearing to be in a kneeling or genuflecting position. She screamed at the person to get out of her home. Ms. Peltier quickly called 911 from a cordless telephone. She watched through windows and glass doors as the person ran back towards her bedroom, then around the home to the driveway. She described seeing a black car with a flame paint job on the sides, and testified as to the license plate number. Ms. Peltier testified that when the man got to the car, he turned, looked at her then pointed at her.

Officers responded to the scene. They spoke to Ms. Peltier and got a description of the subject, as well as a description of the vehicle. A window in a bathroom was found to have been forced open, and the area around the window was processed. Fingerprints were removed from the area, but were later determined to be Ms. Peltier's husband's prints. Officers also observed a television that Ms. Peltier told them was moved out of the bedroom, as well as a VCR lying broken on the floor, presumably pulled from a shelf when the television, to which it was connected, was moved. Ms. Peltier told officers, and also testified that a jewelry box was missing.

Officers ran the license plate, which came back to a black Chevrolet Beretta with a flame paint job, belonging to Renee Clark of Columbus. Ms. Clark testified that she did, in fact, own that vehicle, and that her "mate", the Appellant, had access to the vehicle on the date in question.

Appellant's photo was placed into a photo array. This photo array was shown to Ms. Peltier, who identified the appellant as being the subject she observed on April 5, 2004 at her home. Ms. Peltier identified the appellant at trial as being the same man she observed at her home on April 5, 2004.

After the appellant was indicted, he filed, through trial counsel, a Motion to Suppress the identification, alleging that the photo array was unduly suggestive. This Motion was overruled after a full hearing, including testimony from Ms. Peltier as to her identification.

> The second jury trial commenced on August 23, 2005 and concluded with the jury finding appellant guilty of burglary. The trial court proceeded to sentence appellant to a term of four years in a state penal institution consecutive to a term appellant was already serving at the time of trial.
>
> Appellant was appointed counsel who timely filed a Notice of Appeal raising the following assignment of error for our consideration:
>
> "I. THE VERDICT OF THE JURY WAS BASED UPON LEGALLY INSUFFICIENT EVIDENCE."

*State v. Wyrick,* 2006 WL 1011094 (Ohio App. 5th Dist. April 17, 2006). On April 17, 2006, the appellate court affirmed the trial court's judgment. *Id.* Petitioner apparently never filed an appeal to the Ohio Supreme Court.

On March 17, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The State allowed the prosecutor to destroy the 911 tape that proved Mr. Wyrick was not the intruder.
>
> 2. Ineffective assistance of counsel.
>
> 3. The trial court violated the speedy trial provisions.

It is the position of the respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d)(1) imposes a one year statute of limitations on the filing of

federal habeas corpus petitions:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1),(2).

Here, petitioner's conviction became final on June 1, 2006, forty-five days after the appellate court's April 17, 2006, decision denying petitioner's direct appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. *See* Ohio Supreme Court Rule of Practice II, Section 2(A)(1)(a); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir.2002);

*Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.2001). The statute of limitations began to run the next day and expired one year later, on June 1, 2007. Petitioner waited more than two and one half years later, until March 17, 2009, to file the instant habeas corpus petition. Further, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir. 2004); *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

Therefore, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss this action as time-barred, Doc. No. 9, be **GRANTED**.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*,

474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel<br>
United States Magistrate Judge

.